Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5933 | **DATE** | December 13, 2010 |
| **CASE TITLE** | Daniel Coffey (M-10755) v. Michael O'Leary | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of confinement to deduct $5.00 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Dixon Correctional Center, and to issue summons for Defendant Michael O'Leary. The United States Marshals Service is appointed to serve Defendant. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

    Plaintiff Daniel Coffey (M-10755), an inmate currently incarcerated at the Dixon Correctional Center, has filed this 42 U.S.C. § 1983 suit against Will County Chief Deputy Michael O'Leary. Plaintiff alleges that in 2009, while he was incarcerated at the Will County Adult Detention Center, he was subjected to several unconstitutional conditions of confinement. More specifically, he alleges that he had to sleep on a bare floor with backed up sewage; he was unable to obtain a CPAP (Continuous Positive Airway Pressure Device), the food was inedible and non-nutritious and, because he was on suicide watch, he was kept in a well-lit room with no outdoor light for 24 hours a day for several months.

    Plaintiff's *in forma pauperis* motion indicates that he is unable to prepay the filing fee. The court grants his motion and assesses an initial partial filing fee of $5.00. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Dixon Correctional Center inmate trust account officers shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

      The court has conducted a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, and Plaintiff may proceed at this time against Chief Deputy O'Leary. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007). The clerk shall issue summonses for service of the complaint on O'Leary.

      The United States Marshals Service is appointed to serve Will County Chief Deputy Michael O'Leary. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, Will County Adult Detention Center officials shall furnish the Marshal with Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

      Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendant, or to Defendant's counsel if an attorney enters an appearance on his behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

      Plaintiff's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). The court may rre-examine at a later time whether the appointment of counsel is warranted.